UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO DEJESUS LANDAVERDE, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>FRANK MARANDO LANDSCAPE, INC., d/b/a MARANDO LANDSCAPING, and MARANDO GROUP, LTD., d/b/a MARANDO LANDSCAPING, and FRANK MARANDO, individually, and JOSEPH MARANDO, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:** 22-cv-7585<br><br>Jury Trial Demanded |

ROBERTO DEJESUS LANDAVERDE ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against FRANK MARANDO LANDSCAPE, INC., d/b/a MARANDO LANDSCAPING ("Marando Landscaping"), and MARANDO GROUP, LTD., d/b/a MARANDO LANDSCAPING ("Marando Group"), and FRANK MARANDO, individually ("Frank"), and JOSEPH MARANDO, individually ("Joseph," and together with Marando Landscaping, Marando Group, and Frank, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.      This is a civil action for damages and other redress based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor

Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii)

the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 142-2.1; (iv) the

NYLL's requirement that employers pay their employees an additional one hour's pay at the

minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652,

12 NYCRR § 142-2.4; (v) the NYLL's requirement that employers furnish employees with a wage

statement on each payday containing specific categories of accurate information, NYLL § 195(3);

(vi) the NYLL's requirement that employers furnish employees with a wage notice at hire

containing specific categories of accurate information, NYLL § 195(1); and (vii) any other

claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - two New York corporations that operate as a

single enterprise to run a Queens County-based landscaping company and the enterprise's two

owners and day-to-day overseers - - as a landscaper and laborer, from June 15, 2019, through

December 31, 2021, throughout New York City.  As described below, from March through

December of each year throughout Plaintiff's employment ("the Relevant Period"), Defendants

willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the

NYLL, or the minimum wages due under the NYLL.  Specifically, throughout the Relevant Period,

although his exact hours varied from week to week depending on the weather, Defendants

routinely required Plaintiff to work, and Plaintiff did work, in excess of forty hours per week.  In

exchange for his work each week, Defendants paid Plaintiff on an hourly basis, typically by check

for his first sixteen to twenty-four hours of work each week at one rate, and then for the remaining

hours that Plaintiff worked each week, including those that he worked in a week over forty, in

cash, at a lower rate, which fell below New York's minimum wage.  For other weeks, Defendants

paid Plaintiff entirely in cash, at an even lower hourly rate that fell below New York's minimum wage, for all hours that he worked, including those that he worked in a week over forty. Thus, for his hours worked in a week over forty, Defendants failed to pay Plaintiff at the rate of one and one-half times the weighted average of his regular hourly rate, or the minimum wage rate, whichever was greater, in violation of the FLSA and the NYLL.

3.      Defendants further violated the NYLL and/or the NYCRR by failing to: pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage for all days when his workday exceeded ten hours from beginning to end; provide Plaintiff with a wage statement on each payday that accurately listed, *inter alia*, his actual hours worked, his overtime rate and overtime wages owed, and his spread-of-hours wages owed; and provide Plaintiff with any wage notice upon his hire, let alone an accurate one.

4.      Defendants paid and treated all of their landscapers and laborers in the same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8.     At all times throughout the Relevant Period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9.     At all relevant times, Defendant Marando Landscaping was and is a New York corporation that is registered with the New York State Department of State to receive service of process at 11-20 131st Street, College Point, New York 11356, and which maintains its principal place of business at that same location.

10.     At all relevant times, Defendant Marando Group was and is a New York Corporation that is registered with the New York State Department of State to receive service of process at 30-76 38th Street, Astoria, New York 11103, and which maintains its principal place of business at 11-20 131st Street, College Point, New York 11356.

11.     At all relevant times, Defendants Marando Landscaping and Marando Group, while distinct legal entities, together operated and continue to operate as a single business enterprise engaged in providing commercial, residential, and municipal landscaping services in the New York Tri-state region, with centralized control of the business and labor operations located at 11-20 131st Street, College Point, New York.  Indeed, these entities employ common management to personally supervise employees and distribute their pay, employ common employees, and there is common ownership and financial control with respect to business revenue, employee wages, and the operation of the business.

4

12.     To that end, Defendants Frank and Joseph, who are brothers, at all relevant times, have co-owned and overseen the business on a daily basis.  Indeed, they both personally manage and oversee all aspects of the business, are responsible for maintaining employment records for all employees, as well as for hiring and firing employees, setting employees' schedules and determining their work responsibilities, and for determining employees' rates and methods of pay and hours worked, including those matters with respect to Plaintiff and FLSA Plaintiffs.

13.     At all relevant times, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR.  Additionally, at all times relevant to the FLSA, the qualifying annual business of Defendants Marando Landscaping and Marando Group has exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, and provide their services for clients in multiple states, including New York, New Jersey, and Connecticut, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as landscapers and/or laborers, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay, or the weighted average of their regular rates of pay, for all hours worked per workweek in excess of forty.

16.     At all relevant times herein, Defendants were and are aware of the requirement to pay their landscapers and laborers, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay, or the weighted average of their regular rates of pay, for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so.  Indeed, Plaintiff lodged numerous complaints to Defendants Frank and Joseph that Defendants were not paying him for his overtime hours worked in accordance with the law, but Defendants continued not to pay him overtime.

17.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

## BACKGROUND FACTS

18.     Defendants Marando Landscaping and Marando Group are two New York corporations, both based in Queens, which operate as a single enterprise to provide commercial, residential, and municipal landscaping services in the New York Tri-state region, servicing clients in New York, New Jersey, and Connecticut.

19.     Defendants Frank and Joseph, brothers, co-own and co-manage the business on a daily basis.

20.     During the Relevant Period, Defendants employed between eight and ten employees.

21.     Plaintiff worked for Defendants as a landscaper and laborer from June 15, 2019, through December 31, 2021, with the exception of January and February each year, when Plaintiff did not work in those roles.  Plaintiff primarily worked in Manhattan, the Bronx, and Queens.

22.     As a landscaper and laborer, Plaintiff's primary job duties consisted of routine grass cutting, raking leaves, trimming trees and bushes, power washing fences and homes, taking out garbage, shoveling, and seasonal planting.

23.     Defendants Frank and Joseph, together, hired Plaintiff, determined his rate of pay, set his schedule, were responsible for paying Plaintiff on each payday, on occasion personally supervised Plaintiff's work, and maintained, or should have maintained, his employment records.

24.     Throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, Monday through Saturday, weather permitting, from 6:00 a.m. to between 6:00 p.m. and 7:00 p.m., most days stopping at around 6:30 p.m., without a scheduled or uninterrupted break during any of his shifts, for a total, most weeks, ranging from seventy-two to seventy-eight hours of work.

25.     Throughout the Relevant Period, most weeks, Defendants paid Plaintiff by check for his first sixteen to twenty-four hours of work each week at the following rates: $18.00 in 2019; $19.00 in 2020; and $21.00 in 2021.  For the remaining hours that Plaintiff worked each week, including those hours that he worked in a week over forty, again, for most weeks, Defendants paid Plaintiff, in cash, at an hourly of rate of $11.20.  On occasion, Defendants paid Plaintiff, entirely by cash, at an hourly rate of $10.67 for all hours worked.

26.     Moreover, throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, shifts that exceeded ten hours from start to finish on almost every workday,

yet Defendants failed to provide Plaintiff with an additional hour of pay at the minimum wage rate for any of those days.

27.     By way of example only, for the week of September 20 through September 26, 2020, Defendants required Plaintiff to work, and Plaintiff did work, a total of seventy-five hours, according to the following schedule, without any scheduled or uninterrupted breaks during any of his shifts:

>    Sunday, September 20, 2020: off
>
>    Monday, September 21, 2020: 6:00 a.m. to 6:30 p.m.;
>
>    Tuesday, September 22, 2020: 6:00 a.m. to 6:30 p.m.;
>
>    Wednesday, September 23, 2020: 6:00 a.m. to 6:30 p.m.;
>
>    Thursday, September 24, 2020: 6:00 a.m. to 6:30 p.m.;
>
>    Friday, September 25, 2020: 6:00 a.m. to 6:30 p.m.; and
>
>    Saturday, September 26, 2020; 6:00 a.m. to 6:30 p.m.

In exchange for his work that week, Defendants paid Plaintiff by check for twenty-four hours of work at an hourly rate of $19.00, and by cash for the remaining fifty hours of work at an hourly rate of $11.20.  In addition, for the six days that Plaintiff worked during this week where his shift exceeded ten hours from start to finish, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate for any of those shifts.

28.     By way of another example, for the week of March 21 through March 27, 2021, Defendants required Plaintiff to work, and Plaintiff did work, a total of seventy-five hours, according to the following schedule, without any scheduled or uninterrupted breaks during any of his shifts:

>    Sunday, March 21, 2021: off

Monday, March 22, 2021: 6:00 a.m. to 6:30 p.m.;

Tuesday, March 23, 2021: 6:00 a.m. to 6:30 p.m.;

Wednesday, March 24, 2021: 6:00 a.m. to 6:30 p.m.;

Thursday, March 25, 2021: 6:00 a.m. to 6:30 p.m.;

Friday, March 26, 2021: 6:00 a.m. to 6:30 p.m.; and

Saturday, March 27, 2021; 6:00 a.m. to 6:30 p.m.

In exchange for his work that week, Defendants paid Plaintiff, entirely in cash, at an hourly rate of $10.67 for all hours worked.  In addition, for the six days that Plaintiff worked during this week where his shift exceeded ten hours from start to finish, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate for any of those shifts.

29.     Defendants paid Plaintiff on a weekly basis.

30.     On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked, his overtime rate and overtime wages owed, and his spread-of-hours wages owed for that week.

31.     Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

32.     Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

33.     Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

34.     Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

35.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or the weighted average of their regular rates of pay, for all hours worked exceeding forty in a workweek.

37.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

38.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

39.     Defendants willfully violated the FLSA.

40.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or the weighted average of their regular rates of pay.

41.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

42.     Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay or the weighted average of their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

44.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

45.     As also described above, Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

46.     Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay or the weighted average of their regular rates of pay, or one and one-half times the minimum wage rate, if greater.

47.     Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

48.     Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

50.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

51.     As also described above, Defendants did not compensate Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, at least at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

52.     At the least, Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

53.     Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

54.     Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55.     NYLL § 652(1) and 12 NYCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

56.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

57.     As also described above, Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

58.     Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

59.     Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

60.     Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.     NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday that contains accurate, specifically enumerated criteria.

62.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are employees within the meaning of the NYLL.

63.     As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, with a wage statement that accurately listed all of the criteria that the NYLL requires.

13

64.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

65.     Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire that contains accurate, specifically enumerated criteria.

67.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, are employees within the meaning of the NYLL.

68.     As also described above, Defendants failed to furnish Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, with any wage notice at their time of hire, let alone a notice that accurately contained all of the criteria that the NYLL requires.

69.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who has worked in New York and who opts into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.  A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.  Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.  An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

d.  Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.  Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.  Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g.   Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

h.   Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.   Pre-judgment and post-judgment interest, as provided by law; and

j.   Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  Garden City, New York
        September 6, 2022

                                          Respectfully submitted,

                                          BORRELLI & ASSOCIATES, P.L.L.C.
                                          *Attorneys for Plaintiff*
                                          910 Franklin Avenue, Suite 200
                                          Garden City, New York 11530
                                          Tel. (516) 248-5550
                                          Fax. (516) 248-6027

                          By:    _____
                                          RYAN T. HOLT  (5679741)
                                          ALEXANDER T. COLEMAN (AC 1717)
                                          MICHAEL J. BORRELLI (MB 8533)